COMPAU V PIONEER RESOURCE COMPANY, LLC, No. 151618; Court of Appeals No. 320615. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we reverse in part the judgment of the Court of Appeals and we reinstate the February 19, 2014 order of the Iosco Circuit Court that granted the defendants' motion for summary disposition. The plaintiffs' injuries arose when plaintiff Michele Compau tripped over a railroad tie on the defendants' property. When a plaintiff's injury arises from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence, even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury. *Buhalis v Trinity Continuing Care Servs,* 296 Mich App 685, 692 (2012). The railroad tie was an allegedly dangerous condition on the land, but it was open and obvious. Thus, the plaintiffs' recovery is barred by the open and obvious danger doctrine. *Lugo v Ameritech Corp, Inc,* 464 Mich 512, 516-519, 522 (2001). Because plaintiff Michele Compau testified that she had seen the railroad tie when she arrived to watch the lawn mower races, the plaintiffs have failed to present evidence to support that the lawn mower races were so distracting as to preclude application of the open and obvious danger doctrine. See *Kennedy v Great Atlantic & Pacific Tea Co,* 274 Mich App 710, 717-718 (2007).

BERNSTEIN, J., would deny leave to appeal.

*Orders Granting Oral Argument in Cases Pending on Application for Leave to Appeal Entered November 25, 2015:*

BRONSON METHODIST HOSPITAL V MICHIGAN ASSIGNED CLAIMS FACILITY, Nos. 151343 and 151344; Court of Appeals Nos. 317864 and 317866. The parties shall file supplemental briefs within 42 days of the date of this order addressing whether the Court of Appeals erred when it concluded that the defendant Michigan Assigned Claims Plan could not deny the plaintiff hospital's application for assignment of its claim for benefits as "an obviously ineligible claim," MCL 500.3173a. The parties should not submit mere restatements of their application papers.